OMAHA LITHOGRAPHING, ETC., CO. ET AL. V. ANDREW
J. SIMPSON.

[FILED MARCH 11, 1890.]

1. **Injunction:** ACTION ON BOND : COUNTER-CLAIM : RES ADJU-
DICATA. One S. leased to a lithographing company certain
premises for the purpose of carrying on its business therein.
The company commenced to put in a steam engine and to erect
a smoke stack and steam pipe in order to operate its machinery
by steam power. S. thereupon commenced an action to enjoin
it from putting in the same, alleging injury to the building, his
business, etc. A restraining order was obtained which was after-
wards modified to allow the company to erect the smoke stack
and steam pipe, put in the steam engine, and operate its ma-
chinery by steam, etc. The court also appointed a commis-
sioner " to see that no precaution or provision necessary to make
said smoke stack secure and safe shall be omitted." After-
wards S. dismissed the injunction suit. In an action by the
company on the injunction bond, S. ignoring the order in the
injunction suit sought to set up the same fact, as a defense and
for affirmative relief. *Held*, That all questions as to the right
of the company to erect and maintain the things named were
decided in the former action and that unless new facts were
presented sufficient to entitle S. to relief he could recover noth-
ing on his alleged counter-claim.

ERROR to the district court for Douglas county. Tried
below before DOANE, J.

*Winfield S. Strawn*, for appellant, cited: *McDuffie v.
Bentley*, 27 Neb., 380; *Frederick v. Kinzer*, 17 Id., 368;
*Boyer v. Clark*, 3 Id., 161.

*Montgomery & Jeffrey*, contra.

MAXWELL, J.

This action was brought by the plaintiff against the de-
fendant on an injunction bond. On the trial of the cause

the jury returned a verdict of one dollar for the defendant, upon which judgment was rendered.

It appears from the record that in June, 1885, the defendant leased to the plaintiff certain portions of a brick building owned by him, to be used by the plaintiff in carrying on its business; that soon after the plaintiff took possession it proceeded to put in a steam engine and to erect a smoke stack and steam pipe in said building for the purpose of propelling its machinery; that the defendant thereupon began an action in equity against the plaintiff to restrain it from erecting a smoke stack or putting in said engine. A restraining order was obtained on the 24th day of September, 1885, and on the 9th day of October thereafter the order was modified so as to permit the plaintiff to put in the engine and erect the smoke stack and steam pipe under the supervision of a commissioner named by the court. On the 19th day of April, 1887, the action was dismissed by Simpson at his costs. The plaintiff thereupon brought this action upon the injunction bond, alleging that it has sustained certain damages named, by reason of the granting of the injunction, among others the fees paid to its attorneys to procure a dissolution of the injunction, and losses caused by interruption of its business, and from the enforced inability to employ its workmen while said restraining order was in force.

To this petition the defendant interposes a number of denials and by way of counter-claim pleads the following:

"On June 1, 1885, this defendant was the owner of a certain four-story brick building known as Nos. 110 and 112 South Fourteenth street, located on the south 44 feet of lot 1, in block 105, in city of Omaha, Douglas county, Nebraska. On the north 88 feet of said lot 1 other buildings were located, occupying the space between the defendant's building and the south side of Dodge street. The said other buildings were 66 feet deep east and west, and the defendant's said building was 90 feet deep east and

7

west, the west 24 feet being located on the south 44 feet of
the east 24 feet of lot 2 in said block 105, which said lot 2
was also owned by this defendant.    Upon the west 40 feet
of said lot 2 the defendant also owned a four-story brick
building facing on Dodge street, which at the east rear end
was joined to the rear end of this defendant's said Four-
teenth street building.    Between this defendant's said
Dodge street building and the building owned by other
persons above described as upon the north 88 feet of said
lot 1 there was an area, or court, 24 feet wide east and west
and 88 feet long, running from Dodge street on the north
to this defendant's said Fourteenth street building on the
south side, which area, or court, was owned by this defend-
ant and was used by him in his business as a carriage man-
ufacturer for the storage of carriages and sundry vehicles
in the process of construction and repair and in his said
business.

"On or about June 1, 1885, this defendant and the said
plaintiffs entered into an agreement for a lease by this de-
fendant to the said plaintiff, the Omaha Lithographing and
Stationery Company, acting through the other of said
plaintiffs, James J. Cummings, the secretary of said com-
pany, of the second floor of this defendant's said Four-
teenth street building, to be used by the said plaintiffs for
the purpose of the said lithographing business.    The said
plaintiff Cummings agreed in behalf of the said plaintiff
company to execute a written lease of said premises, to-
gether with the defendant, for a period of three years
from said June 1, 1885, and pursuant to said agreement
the said plaintiffs took possession of said premises and oc-
cupied the same up to, on, and subsequent to October 23,
1885.    A lease was prepared at this defendant's instance
and presented to said plaintiffs for execution, but they al-
ways failed and refused to execute the same.    Prior to that
time the plaintiffs, in their said lithographing business,
were obtaining their power by means of belting connec-

tions with the engine owned and used by one Davis, in the
building adjoining this defendant's said Fourteenth street
building, and under a contract with said Davis, and it was
understood and agreed by and between the defendant and
the said plaintiffs at the time the said agreement for a lease
was entered into, that the said plaintiffs would continue to
obtain the power necessary for their said lithographing
business, in the same manner and from the same source.

"At that time, and ever since, this defendant refused to
consent to the use of a boiler and engine in the said prem-
ises, proposed to be leased by the plaintiffs from the de-
fendant, and the said plaintiffs agreed to take a lease with
full understanding of the defendant's position in that re-
gard.    Subsequent to the time when the plaintiffs took
possession of the defendant's said premises, the plaintiffs
had a disagreement with the said Davis by reason of which,
except on certain terms which the plaintiffs refused to ac-
cept, the said Davis declined to furnish power to the said
plaintiffs.    Thereupon, and contrary to the agreement be-
tween the defendant and the plaintiffs, the plaintiffs placed
in said defendant's premises a boiler and engine, which
they proposed to, and for more than a year thereafter did,
use in said premises for the purpose of obtaining power to
run certain machinery which they had placed in the said
premises for the purposes of their business.

" The said plaintiffs defaced and injured the defendant's
said building by putting through its north wall upon the
second floor thereof three several holes, two of which were
cut through into the adjoining room occupied by the said
Davis, and the third of which opened out upon the above
described court or area.    The latter hole was made by the
plaintiffs for an opening, out of which they proposed to
run a sheet-iron flue or smoke stack from the said engine,
and all of said holes were cut without this defendant's
authority and against his protest, and their effect was to
greatly damage and weaken the said north wall and injure

the said building.   The plaintiffs did finally put a flue or smoke stack through the said hole from their said engine, running the said smoke stack into the said court or area, and upon the north side of the said building within said area to the top of said building or thereabouts.   The said plaintiffs also run through said hole and along side said smoke stack a steam pipe, which smoke stack or flue and steam pipe the plaintiffs used for a year or thereabouts, contrary to their agreement with this defendant and against and in spite of the objections and protests of this defendant. During said time, smoke and cinders and dust and dirt mixed with steam, and the water therefrom formed, descended and fell into the aforesaid described area or court of this defendant, and into the windows and doors upon the west side of the defendant's aforesaid Dodge street building, upon the carriages and sundry road vehicles kept by this defendant in his said court and the building, in the process of construction and repair, all to the great damage of this defendant; that, by reason of the facts aforesaid, this defendant has been damaged by the said plaintiffs in the sum of at least $1,000, for which the said plaintiffs are liable and indebted to this defendant."

To construe this answer properly, it will be necessary to consider the order made October 9, 1885, in the injunction case, which is as follows:

"Now, on this day, this cause coming on to be heard on the application of the plaintiff for a temporary injunction herein, and on hearing the evidence and arguments of counsel it is ordered that the restraining order heretofore ordered herein be modified as follows, to-wit:

"That the defendant be allowed to use and operate the engine and boiler now in the premises occupied by it; that the defendant be allowed to run the smoke stack through the wall and up the side of the building at the place where the aperture therein now is, provided that the defendant shall in every proper way provide for the safety of all

buildings and property surrounding or adjacent to said smoke stack, so that no danger shall result; that Philo Cowing be hereby appointed a commissioner of the court to see that no precaution or provision necessary to make said smoke stack secure and safe shall be omitted in the erection thereof by the defendant or its agents; the plaintiff not to be prevented from providing for the safety of his property by any means not inconsistent with the free use and enjoyment of the defendant; and it is further ordered that this order be without prejudice to an application of either of the parties hereto-for modification of this order for reasons arising thereafter."

No modification of the order seems to have been made..

The defendant's proof is not as strong as his answer. The issues as to the right to place the boiler, engine, and smoke stack in the building were distinctly made by Simpson in the injunction case, and the court decided against him. That order is still in full force and the court in this case will not retry what has already been decided. In effect, the court in that case declared the erection of the smoke stack and steam pipe, with the steam engine in the building, lawful. Substantially, the same facts were pleaded to show the injury to Simpson that he now sets forth in his answer. Upon those facts he was beaten, and being satisfied with the judgment he took no appeal, but dismissed his action. The character of the erections and their use therefore will not now be again adjudicated unless there was an abuse or disregard of the order of the court.

There is no allegation in the answer of any matter or proof that the plaintiff in putting in the things named violated the order of the court or disregarded the direction of the commissioner appointed by it to supervise the work or any statement of facts showing a liability for damages on the part of the plaintiff.

Both the answer and proof fall far short of making a case which will entitle the defendant to relief, and where

such is the fact the instructions cannot aid him.  It is un-
necessary, therefore, to review them.  The judgment in
favor of the defendant, therefore, cannot be sustained, and
is reversed, and the cause remanded for further proceed-
ings.

REVERSED AND REMANDED.

THE other judges concur.